# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **Randall A. Otto,** | : | |
| **Plaintiff,** | : | |
| | | Case No. 3:20-cv-00060-TPK |
| vs. | : | |
| **Andrew Saul,** | : | Magistrate Judge Kemp |
| **Commissioner of** | | |
| **Social Security,** | : | |
| **Defendant.** | : | |

## **OPINION AND ORDER**

      On March 26, 2021, this Court entered final judgment for the Plaintiff, remanding the case to the Commissioner for an immediate award of benefits in accordance with the Court's Opinion and Order dated March 24, 2021 (Doc. 17). The Commissioner then moved pursuant to Fed.R.Civ.P. 59(e) to alter or amend the judgment (Doc. 19). Plaintiff responded (Doc. 20), and no reply has been filed, making the motion ripe for decision.

      The Court will summarize, briefly, the reasons for its decision, which are spelled out in much more detail in the March 24, 2021 Opinion. At step five of the sequential evaluation process, the Commissioner determined that Plaintiff could do certain jobs even though the vocational expert testified that those jobs required, during their probationary period, over-the-shoulder supervision. The ALJ had found, as a fact, that Plaintiff could not tolerate such supervision. Given this inconsistency, the Court determined both that the decision was in error and that a remand for an immediate award of benefits was appropriate. It is this latter conclusion that the Commissioner now seeks to have altered.

      The Commissioner acknowledges the limited purposes of a Rule 59 motion, noting that it is to be used only to correct a clear error of law, to allow the Court to consider newly discovered evidence, to take into account an intervening change in controlling law, or to prevent manifest injustice. *See* Doc. 19, at 1. Relying on the first prong of the standard, the Commissioner asserts that the Court committed a clear error of law when it found that remand for an award of benefits was the appropriate remedy for the underlying error committed by the ALJ. This Court had found, based on this specific record, that there were no remaining factual issues to be resolved which could be addressed on remand; the Commissioner argues, to the contrary, that the record left unresolved the question of whether there were any unskilled light jobs - not identified by the vocational expert - which could be successfully performed by someone who could not successfully complete a probationary period involving over-the-shoulder supervision. Reasoning

that the presence of such an unresolved factual issue fatally undercuts the basis of an order remanding a case for an award of benefits, the Commissioner asks the Court to reverse that order and instead to remand the case for additional administrative proceedings.

The Court cannot accept the Commissioner's argument. First, as the Court took great care to point out in its Opinion, while the record in other cases might leave open the argument that a person incapable of tolerating over-the-shoulder supervision can still perform some unskilled jobs, this record does not. The vocational expert did not identify any jobs which fell within Plaintiff's residual functional capacity other than the three to which his testimony referred, nor did he say that these jobs were representative of a larger universe of unskilled jobs to which the Plaintiff might be suited. Further, he did not equivocate on the issue of whether those jobs required probationary periods involving over-the-shoulder supervision. There was therefore nothing left for the ALJ to resolve. Second, as Plaintiff notes, every decision to remand for an immediate award of benefits need not be supported by the conclusion that no factual issues remain for determination. Rather, a number of factors can be balanced, many of which the Court alluded to in its Opinion, and the fact that there may be some unresolved issue - which does not exist here - is not completely determinative of the issue. The Commissioner's failure to take the time during the initial administrative proceedings to address this issue, raised by the Plaintiff well before the ALJ issued her decision, thus leading to substantial delays in the process, is one such factor, and it favors the Plaintiff here.

Recognizing that "[a] motion under Rule 59(e) is not an opportunity to re-argue a case," *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998), and taking into account the fact that the Commissioner did not present these arguments in his motion for judgment even though they were fairly raised by Plaintiff's statement of errors, the Court finds no basis upon which to grant the Commissioner the relief being sought. Therefore, the motion to alter or amend judgment (Doc. 19) is **DENIED**.

                                                     **/s/ Terence P. Kemp**
                                                     **Terence P. Kemp**
                                                     **United States Magistrate Judge**